UNITED STATES, Appellee

v

EARL F. FAULKNER, Private E–2, U. S. Army, Appellant

7 USCMA 304, 22 CMR 94

No. 8076

Decided August 24, 1956

First Lieutenant James L. Gault argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel James M. Scott.

First Lieutenant Peter J. Hughes argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Thomas J. Newton, Captain Vernon M. Culpepper, and First Lieutenant William K. Davenport.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by a general court-martial of desertion based upon an absence of thirty-five days. The issue in his case is the same as that presented in United States v Hawthorne, 7 USCMA 293, 22 CMR 83. For the reasons set out in our opinion in that case, we set aside the finding of guilty and the sentence here, and return the case to The Judge Advocate General of the Army. He will transmit the record of trial to the officer exercising summary court-martial jurisdiction over the accused for consideration and action.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

The commanding officer of the accused, who was also the accuser, did not specifically mention the policy directive, merely noting that the accused had two previous convictions as the reason for recommending trial by general court-martial. However, under the concepts I rely on in United States v Hawthorne, 7 USCMA 293, 22 CMR 83, that fact would make little difference in result. As in that case, it is reasonable to assume here that the court-martial members were apprised of the provisions of the letter, and that those provisions would have an impact on their findings and sentence. Under those conditions, a reversal is in order, for an accused is entitled to have his guilt and sentence determined by a court uninfluenced by instructions from higher headquarters.

In this instance, I do not impose a waiver on the defense for the following reasons. The accused was charged and convicted of desertion based on an absence of approximately thirty-five days.

He was apprehended some 800 miles from his place of duty, but other factors militate against an inference of intent to remain away permanently. He testified to his reasons for the absence and specifically asserted his intent to return. Therefore, a finding of the lesser included offense of absence without leave by a court-martial unshackled of command influence was a distinct possibility. Certainly from the record it is reasonable to assume that any expression of the Army Commander that all members of the class to which the accused belonged should be separated from the service would influence the court-martial members in their deliberations. Such being the case, the right to a fair trial has been abridged, and a miscarriage of justice might result from an affirmance. Therefore, I join in the action ordered by the Court.